IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RON FELTON, a/k/a ISA FARD ALI　　　　*
SHABAZZ MUHAMMED,
　　　　　　　　　　　　　　　　　　　　*
Plaintiff,
　　　　　　　　　　　　　　　　　　　　*　　Civil Action No. PX-21-243
v.
　　　　　　　　　　　　　　　　　　　　*
STATE OF MARYLAND,
EASTERN CORRECTIONAL　　　　　　*
INSTITUTION, and
MR. WEST,　　　　　　　　　　　　　　*

Defendants.　　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　***

## MEMORANDUM

Self-represented plaintiff, Ron Felton, also known as Isa Fard Ali Shabazz Muhammed, is incarcerated at Eastern Correctional Institution ("ECI"). On January 25, 2021, he filed a "petition" alleging that on two separate occasions, certain personal property including his Quran, religious literature, and several kufis had been taken from him at ECI as he prepared to move to another housing unit.[1] ECF No. 1 at 1, 3. As relief, he asks for an investigation and return of his property. *Id*. at 1. In a separate letter, Felton claims the confiscation of his religious publications has violated his First Amendment rights. Felton has not paid the $402.00 civil filing fee or file a motion for leave to proceed in forma pauperis. He will be granted twenty-eight days to submit the civil filing fee or file for leave to proceed in forma pauperis.

Felton's claims are fairly construed as brought pursuant to the First Amendment and the due process clause of the Fourteenth Amendment to the United States Constitution. Accordingly,

---

[1] Certain property - a fan, one kufi and a prayer rug - were returned Felton. ECF No. 1 at 4.

the Court construes the self-styled "Petition" as a civil rights complaint filed pursuant to 42 U.S.C. § 1983.  *See Castro v. United States*, 540 U.S. 375, 381 (2003).

Pursuant to 28 U.S.C. § 1915A, this Court has screened Felton's complaint to determine whether any claim must be dismissed as (i) frivolous or malicious; (ii) failing to state a legally sufficient cause of action upon which relief may be granted; or (iii) seeking monetary relief against a defendant who is immune.  28 U.S.C. §1915A(b); *see also Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721 (2020).  A complaint must include a minimum a short and plain statement of each claim that shows the plaintiff is entitled to requested relief, *see* Fed. R. Civ. Proc. 8(a).  The complaint must also include the names of each defendant, *see* Fed. R. Civ. Proc. 10(a) and give each defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema, N. A.,* 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Mere labels and conclusions or a formulaic recitation of the elements of a cause of action is not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

For the following reasons, the current complaint is subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim as to the due process clause. As for the First Amendment claims, Plaintiff will be provided with an opportunity to file an amended complaint to correct the deficiencies described below.

The Court begins with the due process claims.  Due process violations based on the deprivation of personal property are not actionable under § 1983 unless no adequate post-deprivation remedy exists.  *See Parratt v. Taylor*, 451 U.S. 527, 542 (1981), overruled on other grounds by *Daniels v. Williams*, 474 U.S. 327, 335-36 (1986).  "Section 1983 was intended to

protect only federal rights guaranteed by federal law, and not tort claims for which there are adequate remedies under state law." *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).

In Maryland, Felton may seek damages and injunctive relief for the claimed loss of property pursuant to the Maryland Tort Claims Act. Felton also may pursue the ARP process in his facility. Thus, he has at his disposal an an adequate post-deprivation remedy. *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982). Accordingly, Felton may not pursue a due process claim arising from improper confiscation of his personal property. *See Hawes v. Foxwell*, No. DKC-17-2598, 2018 WL 2389060 at *4 (D. Md. May 25, 2018) (dismissing an inmate's property loss claim for failure to state a cognizable constitutional claim); *Fuller v. Horning*, No. WMN-11-1917, 2012 WL 2342947, at *7 (D. Md. June 19, 2012) (stating that "removal of property from a prisoner simply does not state a constitutional claim"), *aff'd,* 504 F. App'x 218 (4th Cir. 2013). These claims will be dismissed for failure to state a claim under 28 U.S.C. §1915A(b)(1).

Regarding the First Amendment claims, Felton alleges that confiscation of Felton's Quran, religious literature and kufis, amount to a constitutional violation. "[I]nmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). However, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Id*. (quoting *Price v. Johnson*, 334 U.S. 266, 285 (1948)). Prison restrictions that affect inmates' religious exercise which are not also reasonably related to legitimate penological objectives may run afoul of the Constitution. *See Turner v. Safley*, 482 U.S. 78, 89-91 (1987). To determine whether a prison regulation is reasonable, and therefore constitutional, courts consider four factors: (1) whether there is a "valid, rational connection" between the prison regulation or action and the interest

asserted by the government, or whether this interest is "so remote as to render the policy arbitrary or irrational;" (2) whether "alternative means of exercising the right ... remain open to prison inmates;" (3) what impact the desired accommodation would have on security staff, inmates, and the allocation of prison resources; and (4) whether there exist any "obvious, easy alternatives" to the challenged regulation or action. *Wall v. Wade*, 741 F.3d 492, 499 (4th Cir. 2014) (quoting *Lovelace v. Lee*, 472 F.3d 174, 200 (4th Cir. 2006)).

To state a claim for violation of rights under the Free Exercise Clause, Plaintiff must demonstrate that: (1) he holds a sincere religious belief; and (2) a prison practice or policy places a substantial burden on his ability to practice his religion. *See Wilcox v. Brown*, 877 F.3d 161, 168 (4th Cir. 2017). A substantial burden is placed upon a prisoner's religious exercise when it "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id*. Prison restrictions that impact the free exercise of religion but are related to legitimate penological objectives do not run afoul of the Constitution. *See Turner*, 482 U.S. at 89-91.

As pleaded, the complaint does not provide enough information to infer plausibly that the taking Felton's Quran, religious literature, and kufis substantially burdened his free exercise of religion or whether a legitimate penological reason supports confiscation of the items. The Court recognizes that Felton proceeds pro se. Accordingly, the Court grants him the opportunity to amend the complaint to explain how the actions alleged substantially burdened his religious practice.

Felton names a defendant, Eastern Correctional Institution ("ECI"). Courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to suit under § 1983. *See Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42

U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Accordingly, ECI is dismissed from this case.

Felton also names "Mr. West" as a defendant. Supervisory personnel at ECI are liable under § 1983 only when such personnel individually participated in the alleged constitutional violations. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983). Mere supervisory liability is not enough, *id*. at 850, unless the supervisor's "indifference or tacit authorization of subordinates' misconduct" can be deemed to have caused the injury to the plaintiff. *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). Thus, Felton must state in the amended complaint how Mr. West participated in matters alleged. Additionally, if other individuals participated in the violations of which Plaintiff complains, he may add them as defendants. Plaintiff is reminded to explain how each defendant participated in the matters he is alleging and how each violated his constitutional rights. *The amended complaint must be legible and include the above case number.*

Plaintiff is also forewarned that any amended complaint replaces the original complaint filed. The general rule is, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001), quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint). Therefore, the amended complaint required by this Order must include all allegations against each of the defendants so that the amended complaint may stand alone as the sole complaint in this action. Additionally, an amended complaint must meet the requirements of this Order, or the amended complaint may be dismissed with prejudice pursuant to 28 U.S.C.

§§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Plaintiff is cautioned that his ability to file a complaint in federal court without first paying the $402 filing fee will be greatly curtailed if he files three actions or appeals while incarcerated that are dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1) as frivolous, malicious, or for failure to state a claim.  *See* 28 U.S.C. § 1915(g).

Accordingly, the Court will dismiss defendant Eastern Correctional Institution and the due process claims concerning loss of property.  Felton is granted twenty-eight days to file an amended complaint as directed and to pay the filing fee or file a motion for leave to proceed in forma pauperis.  A separate Order follows.

\_\_\_\_3/15/21_____    _____/S/_____
Date                                                                          Paula Xinis
                                                                                      United States District Judge